UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL S. GANDOLFO,<br><br>                            Plaintiff,<br><br>-against-<br><br>CITY OF MEDFORD AND ITS POLICE DEPARTMENT; OFFICERS JOHN DOE AND RICHARD ROE; CLERK-MAGISTRATE SOMERVILLE DISTRICT COURT; DETECTIVE PATRICIA SULLIVAN; LENA GASPARRO; MARK RUBY, ESQ.; LIBBY FULGIONE, ESQ.,<br><br>                            Defendants. | 1:21-CV-1288 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Michael S. Gandolfo, who appears *pro se*, brings this action under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law. For the following reasons, the Court transfers this action to the United States District Court for the District of Massachusetts.

      Claims brought under 42 U.S.C. § 1983, as well as claims brought under state law, must be brought in a federal district court in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2). With respect to civil claims brought under

RICO, they must be brought in the judicial district where the defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Plaintiff sues: (1) the City of Medford, Massachusetts, (2) the City of Medford (Massachusetts) Police Department ("MPD"), (3) two unidentified MPD police officers (John Doe and Richard Roe), (4) MPD Detective Patricia Sullivan, (5) the Clerk-Magistrate of the Somerville District Court, in Somerville, Massachusetts, (6) Lena Gasparro, Plaintiff's next-door neighbor,[1] (7) Mark Ruby, Esq., Plaintiff's attorney, and (8) Libby Fulgione, Esq., Plaintiff's other attorney.

All of Plaintiff's claims arise from events that occurred in Massachusetts, including Plaintiff's arrest, prosecution, and conviction. And all of the defendants appear to either reside, are found, have an agent, or transact affairs in Massachusetts. Because Plaintiff does not allege that any defendant resides in this judicial district or that a substantial part of the events or omissions giving rise to his claims arose in this judicial district, this Court is not a proper venue for Plaintiff's § 1983 and state-law claims under § 1391(b).[2] And because Plaintiff does not allege the any defendant resides, is found, has an agent, or transacts his or her affairs within this judicial district, this Court is not a proper venue for Plaintiff's RICO claims under § 1965(a). Because the events that are the basis for Plaintiff's claims occurred in Massachusetts, and because the defendants either reside, are found, have an agent, or transact their affairs in Massachusetts, the proper venue for this action is the United States District Court for the District

---

[1] Plaintiff's address of record is an address in North Conway, New Hampshire. But in his complaint, Plaintiff asserts that he is a resident of Medford, Massachusetts. (ECF 2, at 2.)

[2] This judicial district – the Southern District of New York – is comprised of the following New York State counties: New York (Borough of Manhattan), Bronx, (Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

of Massachusetts. *See* 28 U.S.C. §§ 101, 1391(b); 18 U.S.C. § 1965(a). The Court therefore transfers this action to that court. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court also directs the Clerk of Court to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 16, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge